**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Marquis Breeland, Appellant.

Appellate Case No. 2011-197633

―――――――――

Appeal From Allendale County
William H. Seals, Jr., Circuit Court Judge

―――――――――

Unpublished Opinion No. 2013-UP-073
Heard December 11, 2012 – Filed February 13, 2013

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Alphonso Simon, Jr., all of Columbia, and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

―――――――――

**PER CURIAM:** Marquis Breeland appeals his convictions for murder and possession of a weapon during the commission of a violent crime, arguing the trial court erred in denying his motion for a directed verdict because the evidence adduced at trial did not amount to more than a mere suspicion that he was guilty of shooting the victim. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Brandt*, 393 S.C. 526, 542, 713 S.E.2d 591, 599 (2011) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury." (quoting *State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006))); *id.* ("When reviewing a denial of a directed verdict, an appellate court views the evidence and all reasonable inferences in the light most favorable to the State."); *State v. Cherry*, 361 S.C. 588, 593, 606 S.E.2d 475, 477-78 (2004) (providing that when considering a directed verdict motion, the trial court is concerned with the existence of evidence rather than its weight); *id.* at 594, 606 S.E.2d at 478 ("[A] trial judge is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis."); *State v. Gaster*, 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002) ("On an appeal from the trial court's denial of a motion for a directed verdict, the appellate court may only reverse the trial court if there is no evidence to support the trial court's ruling.").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**